```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FRANCIS A. ZUSPAN,**

    **Plaintiff,**

**v.**                      //        CIVIL ACTION NO. 1:13CV167
                                               (Judge Keeley)

**WARDEN TERRY O'BRIEN,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 11], DENYING PLAINTIFF'S MOTION FOR EXPEDITED
HEARING [DKT. NO. 2] AS MOOT, AND DISMISSING
THE PETITION [DKT. NO. 1] WITH PREJUDICE**

Before the Court is the Opinion and Report and Recommendation ("R&R") (dkt. no. 17) of Magistrate Judge John Kaull, recommending that the Court grant the defendant's motion to dismiss or, in the alternative, for summary judgment (dkt. no. 11), and deny the plaintiff's motion for expedited hearing (dkt. no. 2) as moot. For the following reasons, the Court **ADOPTS** the R&R in its entirety, **GRANTS** the motion to dismiss or, in the alternative, for summary judgment, **DENIES** the motion for an expedited hearing as **MOOT**, and **DISMISSES** the petition (dkt. no. 1) **WITH PREJUDICE.**

**I.**

On July 9, 2013, the plaintiff, Francis A. Zuspan ("Zuspan"), proceeding pro se, filed a petition for habeas corpus, pursuant to

**ZUSPAN V. O'BRIEN**                                                    **1:13CV167**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

28 U.S.C. § 2241, as well as a motion for expedited hearing. The petition alleges that Bureau of Prisons ("BOP") officials at the United States Penitentiary Hazelton ("USP Hazelton"), where Zuspan is incarcerated, failed to comply with 18 U.S.C. § 3624(c)(6)(A) by not considering the five factors in § 3621(b)[1] in connection with Zuspan's request for additional time in the Residential Release Center ("RRC"). On August 6, 2013, the defendant, Warden Terry O'Brien ("O'Brien"), filed a motion to dismiss or, in the alternative, for summary judgment. On September 9, 2013, Magistrate Judge Kaull submitted his R&R, recommending that the Court grant O'Brien's dispositive motion and deny Zuspan's motion for expedited hearing as moot. Zuspan filed timely objections (dkt. no. 19) on September 23, 2013.

**II.**

On January 15, 2013, the Southern District of West Virginia sentenced Zuspan to eighteen (18) months of imprisonment followed by three (3) years of supervised release for his conviction under

---

[1] These are (i) the resources of the facility contemplated; (ii) the nature and circumstances of the offense; (iii) the history and characteristics of the prisoner; (iv) any statement by the sentencing court concerning the underlying purposes of the sentence or recommending a specific type of facility; and (v) any pertinent policy statement issued by the Sentencing Commission.

**ZUSPAN V. O'BRIEN** 1:13CV167

### ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE

18 U.S.C. § 1319(c)(2)(A), discharge of pollutants into the waters of the United States without a permit. Pl.'s Br. in Supp. of Pet. 1, July 9, 2013, Dkt. No. 1-1; Def.'s Br. in Supp. of Mot. 1, Aug. 6, 2013, Dkt. No. 12. Zuspan alleges that, when he arrived at USP Hazelton, his case manager informed him that in February 2014 he would be released to an RRC, where he would serve the last sixty (60) days of his sentence. Pl.'s Br. at 2.

Zuspan is a sixty-two (62) year old male who suffers from chronic health conditions. Id. Prior to his incarceration, he operated a waste-management business, but, as a result of his conviction, now is prohibited from maintaining the necessary licensure. Id. In an effort to secure post-incarceration employment, Zuspan made arrangements to work as the manager of a sewer plant, with the caveat that he would begin prior to September 1, 2013. Pl.'s Br., Ex. A, Dkt. No. 1-2. With that in mind, Zuspan submitted a request to his Unit Manager at USP Hazelton asking for a prolonged stay at the RRC to begin, at the latest, September 2013. Id. Zuspan further requested that the Unit Manager consider Zuspan's circumstances under the 18 U.S.C. § 3621(b) factors. Id.

**ZUSPAN V. O'BRIEN** **1:13CV167**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

Zuspan alleges that he received no response to his request and thus scheduled a meeting with the Unit Manager. Pl.'s Br. at 3. According to Zuspan, the Unit Manager told him, "[w]e have generally only categorically given every inmate 60 to 90 days placement in an RRC and you will be treated with the same categorical application." Id. Allegedly, the Unit Manager also informed Zuspan that, regardless of an inmate's circumstances, he ignores the statutory factors and applies the sixty (60) to ninety (90) day RRC placement rule axiomatically. Id. According to Zuspan, the Unit Manager said the decision was final. Id.

In his motion, O'Brien argues that dismissal of the petition is appropriate because (i) Zuspan failed to exhaust his administrative remedies, (ii) the BOP's determination regarding the RRC is not subject to judicial review, (iii) the BOP did not abuse its discretion regarding its RRC determination, and (iv) the petition is moot. In his R&R, Magistrate Judge Kaull quickly moved past the exhaustion issue and determined that a discussion of mootness was unnecessary. Instead, he recommended that the Court grant O'Brien's motion on grounds that the BOP's decision is not subject to judicial review and, even if it were, the BOP properly

4

**ZUSPAN V. O'BRIEN**                                                        **1:13CV167**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

considered and denied Zuspan's request. Zuspan timely objected to the recommendation. The United States filed no objections.

**II.**

As a preliminary matter, the Court must determine whether to construe O'Brien's motion as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or as a motion for summary judgment under Rule 56.[2] Rule 56 mandates that, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Here, each party has attached several exhibits to its initial pleadings, including declarations, prison records, and correspondence. Each also references the exhibits ubiquitously, such that ignoring them would undermine the arguments. Therefore, the Court shall consider the matters outside the pleadings and convert O'Brien's motion to a Rule 56 motion for summary judgment.

"An issue may be decided by summary judgment when no question of material fact is in dispute, or when the nonmovant cannot

---

[2] The Fourth Circuit has determined that a responsive pleading, such as this one, captioned as "Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" puts parties on notice that the Court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998).

**ZUSPAN V. O'BRIEN** 1:13CV167

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

prevail as a matter of law, even on its view of the facts and evidence." Ateliers de la Haute-Garonne v. Broetje Automation USA Inc., No. 2012-1038, 2013 WL 2181239, at *4 (Fed. Cir. May 21, 2013) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (citing Fed. R. Civ. P. 56(c)); Allied Colloids, Inc. v. American Cyanamid Co., 64 F.3d 1570, 1573 (Fed. Cir. 1995)). At summary judgment, a court must view all facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. Auto. Techs. Int'l v. BMW of N. Am., Inc., 501 F.3d 1274, 1281 (Fed. Cir. 2007).

Once the moving party identifies those portions of the "the pleadings, the discovery and disclosure materials on file, and any affidavits [that] show that there is no genuine issue as to any material fact," Fed. R. Civ. P. 56(c), the burden then shifts to the non-moving party to set forth "'some evidence in the record sufficient to suggest that his view of the issue might be adopted by a reasonable factfinder.'" Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc., 45 F.3d 1550, 1561 (Fed. Cir. 1995) (quoting Resolution Trust Corp. v. Juergens, 965 F.2d 149,

Case 1:13-cv-00167-IMK-JSK Document 20 Filed 12/20/13 Page 7 of 12 PageID #: 122

ZUSPAN V. O'BRIEN                                                    1:13CV167

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING
PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT,
AND DISMISSING THE PETITION WITH PREJUDICE

151 (7th Cir. 1992)). The non-moving party, however, cannot rely on contradictions or conflicts within its own evidence. Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984).

### III.

**A. Mootness**

Because mootness presents a jurisdictional threshold, see Townes v. Jarvis, 577 F.3d 543, 553 (4th Cir. 2009) (Shedd, J., dissenting), the Court addresses it first. O'Brien argues that the case is moot because Zuspan "has received the only relief he is entitled to - consideration of his RRC placement in accordance with the factors delineated in 18 U.S.C. § 3621(b)." Def.'s Br. at 12. Given that the primary issue in this case is whether the BOP did, in fact, consider Zuspan's RRC placement under the statutory factors, O'Brien's mootness argument is circular at best. Nevertheless, the Court must determine, on its own, that mootness does not preclude jurisdiction. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[T]he question of whether we are presented with a live case or controversy is a question we may raise sua sponte 'since mootness goes to the heart of the Article

**ZUSPAN V. O'BRIEN**                                                     **1:13CV167**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

III jurisdiction of the courts.'") (quoting Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997)).

In his petition, Zuspan makes clear that the purpose of his request for prolonged time in the RRC was to secure a job opportunity set to expire on September 1, 2013. Pl.'s Pet. 3, July 9, 2013, Dkt. No. 1-1. That date has now passed and, based on the information in the petition, so has the opportunity. Thus, there is some doubt as to whether the Court can still grant Zuspan relief. The petition demonstrates, however, that the relief sought is broader than securing a particular job. Zuspan seeks "an Order to require the BOP to properly review Zuzpan's [sic] request for additional time in an RRC on an individualized basis and pursuant to the five factors set forth in § 3621(b)." Id. at 7. Additional time in an RRC is cognizable relief, even if the underlying purpose has evanesced. See Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) ("Lauer and Miller have not been placed in an RRC, so their objections to the warden's decisions denying immediate placement continue to present a live controversy."). Therefore, the Court finds that mootness does not preclude jurisdiction over this case.

**ZUSPAN V. O'BRIEN**                                                                 **1:13CV167**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING
PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT,
AND DISMISSING THE PETITION WITH PREJUDICE**

**B. Exhaustion**

In his R&R, Magistrate Judge Kaull dismissed O'Brien's exhaustion argument, finding that dismissal of the § 2241 petition on grounds of failure to exhaust administrative remedies would be an imprudent exercise of judicial power. O'Brien did not object to Magistrate Judge Kaull's reasoning, thus subjecting it to "clear error" review. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Under this less stringent standard, the Court finds no clear error.

Although the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), requires exhaustion as a condition precedent to actions "with respect to prison conditions under section 1983 of this title, or any other Federal law," "[t]he PLRA . . . does not explicitly include or exclude habeas litigants from its reach." Smith v. Angelone, 111 F.3d 1126, 1130 (4th Cir. 1997). Furthermore, "where Congress has not clearly required exhaustion, sound judicial discretion governs." McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (emphasis added). Thus, in its discretion, the Court adopts the recommendation of Magistrate Judge Kaull that

**ZUSPAN V. O'BRIEN** 1:13CV167

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

"exhaustion be waived and this case proceed to a determination on the merits."

**C. Judicial Review**

O'Brien argues that judicial review of the BOP's decision regarding Zuspan's request is improper because the relevant statute prohibits it and Zuspan has no constitutional claim. Magistrate Judge Kaull concurred. Because Zuspan objected to this portion of the R&R, the Court reviews it under a <u>de novo</u> standard. See 28 U.S.C. § 636(b)(1).

Congress delegated the decision of how much time a prisoner serves in an RRC to the BOP through 18 U.S.C. § 3624(c)(1). The BOP's decision in this regard would seem to fall under the purview of Chapter 7 of the Administrative Procedures Act (the "APA"), which applies to "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Furthermore, under 5 U.S.C. § 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Initially, then, it would appear that the BOP's decision regarding the length of time Zuspan spends in an RRC is subject to

**ZUSPAN V. O'BRIEN** **1:13CV167**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

judicial review. However, 5 U.S.C. § 701(a)(1) provides that agency decisions are not subject to judicial review under the APA when another statute precludes it. Correspondingly, 18 U.S.C. § 3625 explicitly precludes judicial review of "the making of any determination, decision, or order under [18 U.S.C. § 3624]." Thus, the BOP's decision in this case is not subject to judicial review.

Nevertheless, the Supreme Court has carved out an exception to the preclusion of review under the APA when a petitioner's claim has a constitutional basis. See Webster v. Doe, 486 U.S. 592, 603 (1988). That exception clearly does not apply in this case as Zuspan has expressly disclaimed any constitutional claim. Pl.'s Br. in Opp. 6, Aug. 14, 2013, Dkt. No. 15. For these reasons, the Court finds that the decision of the BOP to deny Zuspan's request for a prolonged RRC stay is not subject to judicial review. Accordingly, the Court has no legal authority to determine whether the BOP abused its discretion or acted arbitrarily and capriciously, as alleged by Zuspan.

**IV.**

For the reasons discussed, the Court concludes that the BOP's decision is not subject to judicial review and **ADOPTS** the R&R in

**ZUSPAN V. O'BRIEN** **1:13CV167**

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR EXPEDITED HEARING AS MOOT, AND DISMISSING THE PETITION WITH PREJUDICE**

its entirety, **GRANTS** O'Brien's motion for summary judgment, **DENIES** Zuspan's motion for expedited hearing as **MOOT**, **DISMISSES** the petition **WITH PREJUDICE**, and **DIRECTS** the Clerk to remove this case from the active docket of Court.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and to mail a copy to the pro se plaintiff, certified mail, return receipt requested.

Dated: December 20, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE